IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC JOHNSON,

         Petitioner,

  v.

SECRETARY,

         Respondent.

                                               /

No. C 20-4298 WHA (PR)

**ORDER OF DISMISSAL**

(Docket Nos. 4, 5)

       Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. § 2254. While incarcerated, petitioner has violated prison rules against indecent exposure on multiple occasions, and state authorities criminally prosecuted him and obtained convictions for such behavior. In 2012, petitioner filed a federal habeas petition challenging one of these convictions — from 2005. *See Johnson v. Director*, No. 12-6393 WHA (PR). That federal petition was dismissed as untimely under the one-year limitations period established by the Anti-terrorism and Effective Death Penalty Act ("AEDPA") because there was a four-year gap between the end of his direct appeals and the filing of his federal petition. commencement of his collateral challenges to his conviction.

       In the instant petition, petitioner challenges a much older conviction for indecent exposure, from 1993. For the same reasons that the prior federal petition challenging a more recent state court conviction was untimely, the instant petition challenging an older conviction is untimely. Specifically, the direct appeals from the conviction challenged herein ended in

1994, 26 years before he filed the instant petition and 23 years after the expiration of the limitations period for federal petitions filed prior to AEDPA's enactment in 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (a prisoner with a state conviction finalized before April 24, 1996, therefore had until April 24, 1997, to file a federal habeas petition on time). And while petitioner did file habeas petitions in state court challenging the conviction he challenges here, he did not do so until 2019, more than 20 years after the limitations period had expired, and therefore they do not save the instant federal petition from being untimely. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period).

For the foregoing reasons, the instant petition is **DISMISSED**. The request to proceed in forma pauperis is **GRANTED**, in light of which the motions for a temporary restraining order pertaining to trust fund documentation are **DENIED** as unnecessary. No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 17, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDG